**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM LETZGUS,

    Plaintiff,

v.

                                          Case No. 10-13174

THOMAS BELL,

    Defendant.

                                          /

**ORDER DISMISSING CASE AND
TERMINATING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 11, 2010, Plaintiff William Letzgus initiated the above-captioned matter, asserting a claim pursuant to 42 U.S.C. § 1983. On November 8, 2010, Defendant Thomas Bell filed a motion for summary judgment, and Plaintiff responded on December 13, 2010. As Plaintiff is a prisoner proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1), however, the court must review the complaint and dismiss the case if the claims presented fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Although screening of complaints under § 1915(e) is generally accomplished early in a case, the requirement is ongoing, and courts "shall dismiss the case *at any time*" upon a determination that the complaint cannot be maintained. 28 U.S.C. § 1915(e)(2) (emphasis added); *McGore v. Wrigglesworth*, 114, F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007). As the court will find that it lacks jurisdiction over Plaintiff's complaint under the *Rooker-*

*Feldman* doctrine, the complaint fails to state a claim upon which relief can be granted. Therefore, the court will dismiss the case as required under § 1915(e)(2).

The actions allegedly violating Plaintiff's constitutional rights occurred while Defendant was warden of a Michigan correctional facility where Plaintiff was incarcerated. In his capacity as warden, Defendant removed from Plaintiff's prison financial account funds obtained from Plaintiff's pension. In doing so, Defendant acted pursuant to two court orders issued by the St. Clair County Circuit Court following hearings. *State Treasurer v. Letzgus*, Case No. 07-000101-CZ (Mich. Cir. Ct. Mar. 19, 2007); *State Treasurer v. Letzgus*, Case No. K06-000605-CZ (Mich. Cir. Ct. May 1, 2006). Both orders resulted from actions brought by the State Treasurer pursuant to the State Correctional Facility Reimbursement Act (SCFRA), which requires the redirection and appropriation of assets of prisoners by the State of Michigan to offset the expenses incurred in incarceration. Mich. Comp. Laws §§ 800.401, *et seq.* One of the two orders further required Plaintiff to direct his pension benefit fund to remit all payments to the correctional facility, a practice which the United States Court of Appeals for the Sixth Circuit has held violates ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1). *DaimlerChrysler Corp. v. Cox*, 447 F.3d 967 (6th Cir. 2006). Before considering the substance of Plaintiff's claims, however, the court must determine whether it has jurisdiction over the case.

Although neither party has raised the issue of jurisdiction, the court raises it *sua sponte*. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986)

2

(citing *Marbury v. Madison,* 1 Cranch 137, 173-180 (1803)).  A court may consider the matter of jurisdiction at any time, upon motion of any party or upon its own motion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  "It is to be presumed that a cause lies outside [the court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under the *Rooker-Feldman* doctrine, inferior federal courts lack jurisdiction to engage in appellate review of final decisions of state courts.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state court judgments rendered before the district court proceedings commenced."  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).  In a case not materially distinguishable from the instant matter, the United States Court of Appeals for the Sixth Circuit held that the district court lacked jurisdiction over claims of Due Process violations based upon enforcement of SCFRA.  *Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2006).

In *Abbott*, the plaintiffs were incarcerated in Michigan prisons.  *Id.* at 326. Pursuant to SCFRA, the State Treasurer brought suit in Michigan circuit courts, which issued orders requiring 1) change of address notifications be sent to pension benefit providers, directing further payments to the plaintiffs' prison accounts, and 2) payment of a portion of funds deposited into the plaintiffs' prison accounts to the State Treasurer.

3

*Id.* at 327.  The pension benefits were thereafter deposited into the prison accounts against the plaintiffs' wishes, and the wardens removed the required amounts from the accounts pursuant to the courts' orders.  *Id.* at 329.  On appeal, the Michigan Supreme Court upheld the orders, and the United States Supreme Court denied certiorari.  *State Treasurer v. Abbott,* 660 N.W.2d 714 (Mich. 2003), *cert. denied*, 540 U.S. 1112 (2004).  Meanwhile, in a separate case, the Sixth Circuit held the mandatory change of address requirement of SCFRA was preempted by the anti-alienation provisions of ERISA in *DaimlerChrysler Corporation v. Cox*, 447 F.3d 967 (6th Cir. 2006).  Just as Plaintiff in the case *sub judice*, the plaintiffs in *Abbott* alleged violations of Due Process and ERISA.  *Abbott*, 474 F.3d at 327.  The district court dismissed the case for lack of subject matter jurisdiction, finding the case barred by the *Rooker-Feldman* doctrine.  *Id.*  On appeal, the Sixth Circuit found that the plaintiffs could not maintain their claim because it would require the exercise of appellate jurisdiction over the final decisions of Michigan courts.

> In this case, the plaintiffs are ostensibly complaining of injuries caused by the actions of third parties-the conversion of their pension benefits by state officials-but those actions were the direct and immediate products of the state-court SCFRA judgments.  The plaintiffs' claims and arguments make this clear: They assert that the state courts erred in issuing the SCFRA judgments and do not claim that the defendants have injured them in any way except by strictly executing those judgments.  Accordingly, the plaintiffs' claims of specific injuries that they have suffered are actually challenges to the state-court SCFRA judgments and are barred by the *Rooker-Feldman* doctrine.  *Id.* at 329.

The instant case is not materially distinguishable from *Abbott*.  Acting pursuant to court orders obtained pursuant to SCFRA, Defendant removed funds from Plaintiff's prison financial account.  Plaintiff's injury is not a deprivation of constitutional rights generally, but a specific loss of funds resulting from application of SCFRA after the Sixth

4

Circuit held that statute to be preempted by ERISA. As in *Abbott*, the only allegedly injurious actions by Defendant is enforcement of the state court orders against Plaintiff. Under the *Rooker-Feldman* doctrine, therefore, this court lacks jurisdiction to hear Plaintiff's claims. Without subject-matter jurisdiction, § 1915(e)(2) requires the court to screen and dismiss Plaintiff's Complaint because he has failed to state a claim upon which relief can be granted. Accordingly,

IT IS ORDERED that the above-captioned matter is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, as the court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 10] is TERMINATED AS MOOT.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: March 28, 2011

I hereby certify that a copy of the foregoing document was mailed to Plaintiff William Letzgus, # 187075, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036, on this date, March 28, 2011.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-13174.LETZGUS.SJ.nkt.wpd

5